(No. E-82-44—Decided March 18, 1983.)

*Mr. Timothy A. Shimko,* for Diane Schaefer.

*Mr. Dennis E. Murray,* for Kenneth DeChant *et al.*

DOUGLAS, J. This case comes before this court on appeal from a judgment of the Erie County Court of Common Pleas.

On July 15, 1973, one Raymond Schaefer died as a result of injuries sustained in a vehicular accident involving a truck owned by D & J Produce, Inc. and operated by one James Beese, an employee of D & J Produce, Inc. On August 29, 1974, appellant, Diane Schaefer, acting in her capacity as the Administratrix of the Estate of Raymond Schaefer, filed a wrongful death action against D & J Produce, Inc., James Beese, and two of the directors of D & J Produce, Inc., Kenneth DeChant and Robert Jones. On May 7, 1980, appellant was granted judgment in the amount of $300,000. The insurer of D & J Produce, Inc. paid appellant $100,000, the limit of its liability under the terms of the insurance policy. Robert Jones also paid $50,000 of the judgment pursuant to a settlement agreement. However, $150,000 of the judgment remained unsatisfied.

SCHAEFER, ADMX., APPELLANT AND CROSS-APPELLEE, *v.* DECHANT, APPELLEE; DECHANT, APPELLEE AND CROSS-APPELLANT.

Further, on December 23, 1973, prior to the filing of appellant's wrongful death action, the Board of Directors of D & J Produce, Inc. passed a resolution, distributing the assets of the corporation to its shareholders. Thereafter, D & J Produce, Inc. ceased doing business. The corporation was, therefore, without sufficient assets to satisfy the balance of the judgment.

On February 27, 1981, appellant filed a complaint in the Erie County Court of Common Pleas against appellees, Kenneth DeChant and his wife, Marcella DeChant, alleging that appellees, as directors and shareholders of D & J Produce, Inc., had, with full knowledge of appellant's pending claim, stripped the corporation of its assets and should, therefore, be held jointly and severally liable for the unsatisfied balance of the judgment rendered in favor of appellant.

On November 5, 1982, the trial court granted summary jugment in favor of appellees on appellant's claims against appellees as directors of the corporation and against appellee Marcella DeChant as a shareholder of the corporation. The trial court, however, denied appellees' motion for summary judgment with respect to appellant's claim against appellee Kenneth DeChant as a shareholder of the corporation.

The trial court having determined that there was no just reason for delay, appellant timely instituted this appeal presenting the following assignments of error:

"I.  The trial court erred as a matter of law by holding that director liability for stripping the assets of a closely held corporation in order to defeat the claims of a creditor of that corporation runs only to the corporation.

"II.  The trial court erred as a matter of law by holding that plaintiff's claim was barred by the statute of limitations."

In her first assignment of error, appellant contends that the trial court erred in determining that, "pursuant to Ohio Revised Code Section 1701.95(A), director liability runs to the corporation and not to creditors directly, but only through derivative actions."

R.C. 1701.95(A) provides, in pertinent part, that directors of a corporation who vote for or assent to unlawful loans, dividends or distribution of assets "* * * shall be jointly and severally liable *to the corporation* * * *.'' (Emphasis added.)

Upon consideration of the foregoing, we find that, pursuant to the clear and unambiguous language of the statute, the liability imposed upon directors of corporations by the provisions of R.C. 1701.95 runs to the corporation. Further, R.C. 1701.95(E) refers to actions "* * * brought by or on behalf of a corporation * * *.''

We note that appellant argues that R.C. 1701.95(F) impliedly creates a right in creditors to bring a cause of action pursuant to R.C. 1701.95, despite the language of R.C. 1701.95(A) and (E).

R.C. 1701.95(F) provides that:

"Nothing contained in this section shall preclude any creditor whose claim is unpaid from exercising such rights as he *otherwise* would have by law to enforce his claim against assets of the corporation paid or distributed to shareholders.'' (Emphasis added.)

Upon consideration of the foregoing language, we find that R.C. 1701.95(F) simply provides that a creditor shall not be precluded by R.C. 1701.95 from exercising any other legal remedy available to enforce his claim.

Appellant further contends, however, that her complaint also states a cause of action sounding in fraud and that an issue remains regarding appellees' liability to appellant for their allegedly fraudulent conduct in depleting the corporate assets, notwithstanding the trial court's determination of appellant's statutory claim. Our review of the record discloses that, while appellant's complaint sets forth certain facts which might have formed a basis for a cause of action in fraud, ap-

pellant never raised the issue of fraud to the trial court. Appellant, therefore, may not now raise that issue on appeal.

For the foregoing reasons, appellant's first assignment of error is found not well-taken.

In her second assignment of error, appellant contends that the trial court erred in determining that her claim was also barred by the time limitations set forth in R.C. 1701.95(E), which provides that:

"No action shall be brought by or on behalf of a corporation upon any cause of action arising under division (A)(1) or (2) of this section at any time after *two years from the day on which the violation occurs;* provided that no such action shall be barred by this division (E) prior to January 1, 1956." (Emphasis added.)

The record reveals that the resolution distributing the corporate assets was passed on December 23, 1973. Appellant's complaint was filed on February 27, 1981, over seven years later. Clearly, pursuant to the provisions of R.C. 1701.95(E), appellant's cause of action, if otherwise proper, would have been time-barred. We, therefore, find appellant's second assignment of error not well-taken.

We shall now consider the assignment of error presented by appellee Kenneth DeChant, on cross-appeal, as follows:

"The trial court erred as a matter of law by denying defendants' motion for summary judgment with respect to the liability of Kenneth DeChant as a shareholder."

Appellee Kenneth DeChant contends that the trial court erred in denying appellees' motion for summary judgment as to his liability, as set forth in R.C. 1701.95(C), as a shareholder of the corporation.

R.C. 1701.95(C) provides as follows: "A shareholder who knowingly receives any dividend, distribution, or payment made contrary to law or the articles *shall be liable to the corporation* for the amount received by him which is in excess of the amount which could have been paid or distributed without violation of law or the articles." (Emphasis added.)

Upon consideration of the foregoing, we find that the liability imposed upon a shareholder of a corporation by R.C. 1701.95(C) clearly runs to the corporation and not to creditors directly. We, therefore, find appellee's (Kenneth DeChant's) assignment of error well-taken.

On consideration whereof, the judgment of the Erie County Court of Common Pleas is affirmed as to the granting of summary judgment in favor of appellees on the issues of appellees' liability as directors of the corporation and appellee Marcella DeChant's liability as a shareholder of the corporation, and is reversed as to the denial of appellees' motion for summary judgment on the issue of appellee Kenneth DeChant's liability as a shareholder of the corporation.

Coming now, pursuant to App. R. 12(B), to enter the judgment which the trial court should have rendered, it is hereby ordered, adjudged and decreed that summary judgment is granted in favor of appellees, and appellant's complaint is dismissed.

This cause is remanded to the Erie County Court of Common Pleas for execution of the judgment, as modified herein, and for assessment of costs. Costs to appellant.

*Judgment modified.*

HANDWORK, J., concurs.

CONNORS, P.J., dissents.