In re **FLEXIBLE ARTCRAFT GRAPHICS UNLIMITED, INC., Flexible Artcraft, Inc., Debtor.**

**Harold CORZIN, Trustee, Plaintiff,**

v.

**John HAUGEN, Robert Gluck, Action Graphics, Defendants.**

**Bankruptcy No. 581–1891.**
**Adv. No. 587–0024.**

United States Bankruptcy Court,
N.D. Ohio.

June 18, 1987.

Harold Corzin, Akron, Ohio, Trustee.

Timothy A. Shimko, Cleveland, Ohio, for trustee.

Stephen J. Brown, Medina, Ohio, for Robert Gluck.

Ralph Berry, Jr., Paul W. Hertrick, Medina, Ohio, for John Haugen.

Stanley D. Scheetz, Medina, Ohio, for Action Graphics.

## FINDING AS TO MOTIONS TO DISMISS AND MOTION TO DISQUALIFY COUNSEL

H.F. WHITE, Bankruptcy Judge.

### I. STATEMENT OF FACTS

On November 9, 1981 Flexible Artcraft Graphics Unlimited, Inc. aka Flexible Artcraft, Inc., by its attorney, Robert Gluck, filed a petition under chapter 7 of the Bankruptcy Code, and Harold Corzin was appointed interim trustee. Apparently, the creditors did not elect a trustee at the § 341 meeting, and Corzin therefore remains as trustee. 11 U.S.C. § 702(d). On November 30, 1981 an order was filed appointing Carl Meador as counsel for the trustee to liquidate the estate, collect receivables and avoid preferential payments.

On January 27, 1987 the trustee filed a motion to employ Timothy Shimko as attorney for the trustee to prosecute a claim against certain principals of the debtor "for unauthorized use and/or conversion of estate assets" including trade secrets, customer lists and goodwill. On January 29, 1987 an order authorizing the employment of Shimko was filed.

On February 24, 1987 attorney Shimko filed an adversary complaint, being 587–0024, on behalf of the trustee seeking the avoidance of certain transfers of assets of the debtor. John Haugen and Robert Gluck are defendants who allegedly created Action Graphics, another defendant, and then transferred to it customer lists, trade secrets, master engravings and molds which are claimed to be assets of the estate. On March 11, 1987 Robert Gluck filed a motion to dismiss for failure to state a claim arguing that the action is barred by the two-year statute of limitations pursu-

ant to § 546(a). John Haugen and Action Graphics filed identical motions to dismiss on March 27, and April 1, 1987, respectively. On March 11, 1987 Robert Gluck also filed a motion to disqualify Shimko as attorney for the trustee alleging that attorney Shimko represents a creditor of the estate, Walter Koerber, who is also indebted to the estate, and that therefore, Shimko is not a disinterested person. A pretrial was held on April 22, 1987, and the issues were submitted to the court by the parties upon briefs.

On April 29, 1987 attorney Shimko on behalf of the trustee filed a response to the motions to dismiss and motion to disqualify. On May 4, 1987 defendant Haugen filed a reply to the response. On May 5, 1987 defendant Gluck filed a reply to the response. On May 5, 1987 Shimko filed his own supplemental affidavit upon motion for leave and an order thereon.

According to his affidavit, in August of 1984 Shimko made the trustee aware of the alleged fraudulent transfers to Action Graphics, and the trustee indicated that he did not want to pursue the matter. Affidavit of Shimko at ¶¶ 2–3. He further swears that he consequently filed an action on behalf of Koerber against Haugen and Gluck, being Case No. 84–9–2812 in the Court of Common Pleas of Summit County, Ohio. See id. at ¶ 4 and Haugen reply at 1. That state court action was subsequently dismissed. See Plaintiff's response to defendants' motion to dismiss and defendant Gluck's motion to disqualify filed April 29, 1987 at 7.

Throughout the course of this liquidation proceeding the trustee was served by Carl Meador as general counsel. On October 14, 1982 the court received and filed a letter dated October 12, 1982 from Koerber to Meador suggesting that an independent accountant be hired to "perform a thorough audit of income and disbursements from April 1981 to November 9, truthfully and accurately." Koerber had personally guaranteed certain loan obligations and other liabilities of the debtor. The controversy surrounds certain assets of the estate which were abandoned to the secured creditor, the Small Business Association (herein "SBA"), upon its application by an order filed July 7, 1982. See SBA application to abandon personal property filed June 17, 1982. See also, application of trustee to sell personal property filed June 10, 1982 and trustee's withdrawal of application to sell personal property filed October 19, 1982.

From these facts one could reasonably conclude that (1) the adversary proceeding was filed more than five years after the trustee was appointed in this case; (2) the trustee had knowledge of this potential claim more than two years before the adversary proceeding was filed; and (3) the trustee through his general counsel was originally on inquiry notice as early as October, 1982.

## II. ISSUES

A. Whether the two-year statute of limitation pursuant to 11 U.S.C. § 546(a) bars the institution of this action?

B. Whether Shimko should be disqualified as attorney for the trustee for his failure to disclose his representation of a creditor of the estate?

## III. DISCUSSION

The trustee brought this action pursuant to his avoiding powers under § 544(b), subrogated to the rights of Walter Koerber, an unsecured creditor of the estate. The adversary complaint contains two counts of fraudulent conveyance, one of breach of fiduciary duty of defendants as officers and directors, and one "causing debtor to go bankrupt ... [in defraud of Koerber's] rightful interest in the business and operation of debtor." However, in his brief the attorney for the trustee states that "plaintiff asserts that the complaint is predicated on 11 U.S.C. § 544 and Ohio Revised Code § 1336." Plaintiff's response at 4. Accordingly, the trustee argues that since Koerber was not actually aware of a fraudulent conveyance of the debtor's assets until the time Shimko initially approached the trustee regarding this matter, being August-September, 1984, the complaint was timely filed pursuant to Ohio laws, being

within the four-year period of limitation applicable to § 1336 *et seq.* of the Ohio Revised Code. *See* Ohio Revised Code Ann. § 2305.09 (Page 1981) (action for "relief on the ground of fraud" must be brought "within four years after the cause thereof accrued"). The period of limitation does not begin running until the fraud is discovered, *id.,* and this principle applies to an action to set aside fraudulent conveyances. 24 Ohio Jur.3d *Creditors' Rights* § 876 (1980) (citing *Combs v. Watson,* 32 Ohio St. 228 (1877)). If the pleading on its face shows that the complaint was brought more than four years after the conveyance, it must contain an allegation that the fraud was not discovered until within that period, or the complaint is subject to dismissal for failure to state a claim. *Id. See also, Peterson v. Teodosio,* 34 Ohio St.2d 161, 297 N.E.2d 113 (1973).

■ This pleading does not contain such an allegation and is deficient in that regard. Moreover, the trustee was on inquiry notice pursuant to Koerber's letter in October, 1982 in which Koerber asked for an independent audit. Koerber was intimately familiar with the affairs of the debtor having served as president and director, and having personally guaranteed the debtor's largest loan obligation. In a diversity case which raised the issue of inquiry notice under the relevant Ohio statute of limitations, the Sixth Circuit Court of Appeals affirmed the trial court's directed verdict on a statute of limitations defense where the plaintiff's attorney received some prior notice of an alleged fraudulent use of plaintiff's stationery; the court established the proper standard:

> Under Ohio Revised Code § 2305.09, a cause of action for fraud must be brought within four years after the fraud was or should have been discovered. No more than *a reasonable opportunity to discover the fraud* is required to start the period of limitation. *Gaudin v. K.D.I. Corp.,* 417 F.Supp. 620, 629 (S.D.Ohio 1976), *aff'd,* 576 F.2d 708 (6th Cir.1978). Information sufficient to alert a reasonable person to the possibility of wrongdoing gives rise to a party's duty to inquire into the matter with due dil-

igence. *Militsky v. Merrill, Lynch, Pierce, Fenner and Smith,* 540 F.Supp. 783, 787 (N.D.Ohio 1980). Once sufficient indicia of fraud are shown, a party cannot rely on its unawareness or the efforts of the opposition to lull it into a false sense of security to toll the statute. *Id.* at 786–87.

*Au Rustproofing Center, Inc. v. Gulf Oil Corp.,* 755 F.2d 1231, 1237 (1985) (emphasis added). *See also, Gaudin v. KDI Corp.,* 576 F.2d 708 (6th Cir.1978), *aff'g* 417 F.Supp. 620 (S.D.Ohio 1976) and *Hambleton v. R.G. Barry Corp.,* 12 Ohio St.3d 179, 465 N.E.2d 1298 (1984) (citing *Schofield v. Cleveland Trust Co.,* 149 Ohio St. 133, 78 N.E.2d 167 (1948)). The trustee was on inquiry notice and had "a duty to inquire in the matter with due diligence" when in October, 1982 Koerber requested an audit "to determine if all assets have been reported truthfully and accurately." The cause of action would be barred even if this court holds that § 546(a) of the Bankruptcy Code does not limit the trustee to filing his complaint within two years after his appointment, and that the longer, four-year period of limitation applies.

■ However, the court holds that the shorter, two-year period of limitation applies. The action is clearly barred as by Shimko's own admission contained within his affidavit:

> 1) In late July or early August of 1984, I was approached by Walt Koerber to advise him on the existence of any claims he might have arising out of the bankruptcy of Flexible Artcraft, Inc.

> 2) After reviewing a quantity of documents, some of which were pleadings and schedules filed in the bankruptcy proceedings, it was my opinion that, among other things, the bankruptcy was filed fraudulently and for the purposes of eliminating Walter Koerber's interest in Flexible Artcraft, Inc., and that some assets had been grossly undervalued and that these undervalued assets and the goodwill and customer lists were transferred to Action Graphics, Inc. for no consideration.

3) Shortly thereafter, I apprised the trustee of what my opinions were and inquired from Mr. Corzin as to his wishes on the matter. In August of 1984, Mr. Corzin indicated to me that he had no wish to pursue this matter.

Shimko affidavit filed May 5, 1987. Since the trustee became aware of these allegations of fraud in August of 1984, the cause of action would be barred after August of 1986. As the complaint was not filed until February 24, 1987, it is time-barred.

In *Schwartz v. Pierucci,* 60 B.R. 397 (E.D.Pa.1986) the trustee brought an action under the Pennsylvania's Uniform Fiduciary Act, to which defendants filed a motion for summary judgment based upon a statute of limitations defense. The district court held on appeal that § 546(a) limits actions brought under the trustee's avoiding powers, and it did not bar the action as the claims were brought "pursuant to state law, not under the trustee's *avoiding* powers." *Id.* at 399 (emphasis added). As such, this case is distinguishable. In *Martin v. First Security National Bank & Trust Co. (In re Butcher),* 67 B.R. 102 (Bankr.E.D.Tenn.1986) the trustee filed a complaint seeking to avoid a fraudulent transfer pursuant to § 544(b) and § 548(a) more than two years after his appointment, and argued that the period of limitations should be tolled for equitable reasons. The court impliedly held that the two-year period of limitation applied, but that concealment of the fraudulent transfer would toll the period of limitations upon a proper showing of facts. *See also, L.A. Clarke & Son, Inc. v. Donald (In re L.A. Clarke & Son, Inc.),* 59 B.R. 856, 857 n. 1 (Bankr.D.C.1986) (dictum: two-year period of limitation pursuant to § 546(a) applies to actions brought by trustee based upon state law of fraudulent conveyance pursuant to § 544(b)) and *Martin v. First National Bank of Louisville (In re Butcher),* 57 B.R. 101 (Bankr.E.D.Tenn.1985) (J. Clive Bare) (Bankruptcy Rule 9006(a) and § 546(a) apply to action brought by trustee seeking to avoid preferential transfers and fraudulent conveyances pursuant to § 544(b) and § 548(a)). The majority of cases indicate that the two-year period of limitations applies to a proceeding brought in the bankruptcy court.

Those courts which have held that the state statute of limitations applies to actions brought pursuant to the trustee's avoiding powers of § 544(b) have done so in the context of state bulk sales laws which generally carry a shorter, six month, period of limitations. *See Schwarz v. Equitable Bank (In re Express Liquors, Inc.),* 65 B.R. 952, 955 n. 2 (Bankr.D.Md.1986) (trustee's complaint based upon § 544(b) and state bulk sales law is governed by shorter state statute of limitation, but court questions its earlier decision so holding and notes two-year period may apply) and *McCoy v. Grinnell (In re Radcliffe's Warehouse Sales, Inc.),* 31 B.R. 827 (Bankr.W.D.Wash.1983) (motion to dismiss granted where state six-month statute of limitations for bulk sales act expired before trustee filed complaint; trustee's rights are no greater than those of creditors against whom transfer made).

■ Even if the court held that the four-year state statute of limitations governs the timeliness of this complaint, the unsecured creditor, Koerber, in whose right the trustee prosecutes this action, had actual knowledge, or was on inquiry notice of the impropriety of the alleged transfers in October, 1982. Consequently, the action would still be barred. The trustee stands in the shoes of a single qualified creditor when he brings an action under § 544(b). 4 *Collier On Bankruptcy,* ¶ 544.03[2] at 544–21 (15th ed. 1987). "Consequently, if the creditor is deemed estopped to recover upon his claim, or is barred from recovery because of the running of a statute of limitations *prior to the commencement of the case,* the trustee is likewise rendered impotent." *Id.* (footnotes omitted; cited cases decided under the Bankruptcy Act). Although the trustee argues in his brief that the complaint is predicated on § 544 of the Bankruptcy Code and § 1336 of the Ohio Revised Code, it does raise issues of breach of fiduciary duty and usurpation of business opportunity. The court must determine whether these counts were timely

pled. In his first count the trustee alleges that defendants Haugen and Gluck were officers and directors of the debtor who transferred valuable assets to another defendant corporation, Action Graphics, without fair consideration. No time frame is pled, but presumably, this count is what the trustee describes as the fraudulent conveyance action under substantive state law. If the count could be construed as pleading a cause of action pursuant to § 1701.95 of the Ohio Revised Code, it would likewise be barred by the two-year statute of limitation under § 546(a) of the Bankruptcy Code, and the two-year statute of limitation under § 1701.95(E) of the Ohio Revised Code. Additionally, the cause is derivative and must be brought in the name of the corporation. The same analysis is applicable to count II of the complaint which is barred by § 546(a) of the Bankruptcy Code, and by § 2305.09 of the Ohio Revised Code. Count III alleges breach of fiduciary duty of defendants Haugen and Gluck and is barred by § 546(a) of the Bankruptcy Code, and § 1701.95(E) of the Ohio Revised Code, and is derivative in nature. *See Schaefer v. DeChant,* 11 Ohio App.3d 281, 464 N.E.2d 583 (1983). Count IV is likewise barred by § 546(a) and § 2305.09. The complaint states no cause of action which is not time-barred by § 546(a) of the Bankruptcy Code, or by the applicable state statute of limitations.

■ The next issue presented is whether Shimko should be disqualified as attorney for the trustee for his failure to disclose his representation of a creditor of the estate. In his affidavit Shimko states that he undertook Koerber's cause in August of 1984. In his affidavit submitted January 27, 1987 pursuant to Bankruptcy Rule 5002 and which accompanied the motion to employ attorney for the trustee, Shimko does not disclose his representation of Koerber. A published decision of this court which was affirmed on appeal is directly in point. *In re Thompson,* 54 Bankr. 311 (Bankr.N.D. Ohio 1985), *aff'd,* —— B.R. ——, No. C85–3459Y, slip op. (N.D.Ohio Mar. 31, 1987).

> A law firm representing the trustee ... pursuant to subsection 327(a) has an affirmative duty to disclose any potential conflict of interest to the court so that the court may rule upon that issue.... Full disclosure requires disclosure of any connection which *may* have a bearing on the attorney's or law firm's ability to represent the trustee free of any conflict or adverse interest.... It matters not that the original application for appointment of counsel was filed by the trustee.

*Id.* at 317. Although the *Thompson* decision involved the appointment of an attorney as general counsel to the trustee, its reasoning is clearly applicable in this case. *See* 11 U.S.C. § 327(c) (Collier 1983) (professional may not continue to represent creditor in connection with the case). Not only did Shimko continue to represent Koerber in the state court proceedings after his appointment in this case, Shimko affidavit at ¶¶ 6–7, and plaintiff's response to defendants' motion to dismiss at 3, Koerber has an interest adverse to that of the estate. He is a guarantor of certain liabilities of the debtor, plaintiff's response at 1, former shareholder, officer and/or director, and is a potential debtor of the estate, holding certain property of the estate and having possibly received preferential transfers. *See* statement of affairs for debtor engaged in business filed November 11, 1981 at items 2(a), 11, 19(b) and 21. *See also* proof of claim filed January 12, 1982 by Koerber as priority creditor in the sum of $8,000 for salary and expenses, and proof of claim filed June 17, 1982 by the SBA stating Koerber is guarantor of secured claim of $105,156.62, and exhibits thereto of Koerber's personal guaranty and his signature on loan agreement as president of Flexible Artcraft Inc. The motion to disqualify Shimko as special counsel for the trustee should be granted.

## IV. CONCLUSION

The court concludes that the two-year period of limitations pursuant to § 546(a) is applicable, and the case should be dismissed. The court further concludes that if the four-year period of limitations under Ohio law were applicable, the case would be dismissed as the court finds that the

trustee should have been on inquiry notice in October of 1982.

Although the trustee through his counsel, Shimko, argues only the theories of recovery pursuant to Ohio law of fraudulent conveyances, the other possible theories of liability, such as breach of fiduciary duty of officers and/or directors of the corporation, are also subject to dismissal under § 546(a) of the Bankruptcy Code. The trustee did not raise these issues, and therefore, these arguments could be considered waived. However, in the interest of judicial economy the court considered these issues as well and finds these actions also are barred by the relevant statute of limitations. Finally, the motion to disqualify Shimko as counsel for the trustee should be granted. A separate order in accordance with this Finding will be entered hereon.