## Cipriani v. Stephanoff
### Case No. 56250
### Cuyahoga County, (8th)
### Decided January 11, 1990
[Cite as 1 AOA 262]

For plaintiffs-appellants: John T. Price, Cozza & Steuer, 1420 Standard Building, Cleveland, Ohio 44113.

Stephen D. Walters, Reminger & Reminger, The 113 St. Clair Building, Cleveland, Ohio 44114-1273, Attorney for Defendant-Appellee, Susan M. A. Stephanoff.

For defendants-appellees: Donald L. Reiman, Cassidy & Mottl, 6285 Pearl Road, Parma Hts., Ohio 44130. Attorney for Defendant-Appellee, American Legion Post 703.

WIEST, J.

This appeal stems from the trial court's ruling granting summary judgment in favor of both defendants-appellees.

Sandra & James Cipriani the plaintiffs-appellants filed a complaint against Susan Stephanoff and the American Legion Post 703, defendant-appellees, on January 4, 1985. The complaint asserted claims founded on malicious prosecution arising out of execution proceedings on a judgment recovered by the appellees against the appellants in small claims court.

The appellees both moved for summary judgment and the trial court granted summary judgment to both appellees on August 18, 1986.

The appellants appealled the trial court's grant of summary judgment and this court, in an opinion dated August 17, 1987 reversed the trial court's rulings.[1]

On remand the appellees once again submitted motions for summary judgment. Based upon additional evidentiary materials, the trial court again granted summary judgment in favor of both appellees. It is from the second grant of summary judgment, in favor of the appellees, which appellants appeal. As stated in the first appeal, the following facts gave rise to the action now before us.

The appellants had rented the American Legion Hall for a bachelor party. They signed a rental agreement assuming responsibility for any damages to the hall occurring during the party. A steel door on the property was damaged when a motor vehicle operated by a guest, Mike Razec, struck the door. An American Legion member took down the license number of the vehicle. The vehicle was allegedly registered to the appellants. Appellee Stephanoff was retained by the Legion to handle the matter. When attempts to recover the amount of money needed to repair the door were unsuccessful, Stephanoff filed suit in Parma Municipal Court. A judgment was recovered against Razec and the appellants. Razec paid a portion of the bill and when the remainder of

the judgment remained unpaid, Stephanoff wrote to the Ohio Bureau of Motor Vehicles to have appellant James Cipriani's driver's license suspended on the ground that a judgment had been recovered due to damages caused by the ownership, operation or maintenance of Cipriani's vehicle. Cipriani's license was suspended and as a result he was unable to operate his business. Two months later, his license was reinstated by the bureau on the ground that the original suspension was erroneous. The complaint, which formed the basis of the present action, alleged that the execution proceedings employed by appellees amounted to malicious prosecution.

Stephanoff, on remand, reasserted in her second motion for summary judgment that she was immune from liability on the ground that she had, in good faith, relied on information supplied by her client. Stephanoff supported her renewed claim of immunity with her supporting affidavit. The American Legion Post reasserted in its summary judgment motion that it had a complete defense to the suit on the ground that it had relied on the advice of counsel. Contained in its second motion, for the first time, were sworn assertions that it had fully and fairly informed its counsel of all material facts.[2]

Appellants assign three errors for our review.

## I
THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN BOTH CONSIDERING AND GRANTING SUMMARY JUDGMENT TO THE DEFENDANTS WHERE THE GRANTING OF PRIOR MOTIONS HAD BEEN REVERSED BY THE COURT OF APPEALS AND THE SECOND SET OF MOTIONS WERE NOT PRECEDED BY THE DEVELOPMENT OF AN EXPANDED TRIAL COURT RECORD.

In their first assignment of error appellants argue that the trial court erred in granting appellees motions for summary judgment since this court, in the first appeal, ruled that the appellees' separate motions for summary judgment failed and the order granting the motions was reversed. Appellants assert that it was prejudicial error for the trial court to allow appellees to file a second motion for summary judgment and to grant the requested relief.

Appellant's contend that the doctrine of the "law of the case" applies. The doctrine provides that the law set forth in the appeal of a case remains the law on remand so long as the evidence remains unchanged. When new evidence is developed on remand, the "law of the case" doctrine no longer conclusively binds the trial court.

In *Stemen* v. *Shibley* (1982), 11 Ohio App. 3d 283, the court, in its syllabus, stated:

> The doctrine of the law of the case does not foreclose a party from filing, nor the court from considering, a new motion for summary judgment, notwithstanding that the trial court, in the same case, had previously granted summary judgment, which judgment was subsequently reversed on appeal, *where such new motion is based upon an expanded record.*

Appellants argue that the second set of motions for summary judgment were not based upon an expanded record as appellees had available to them, at the time of the first filing, the information which they attached for the first time to their second set of motions for summary judgment.

Appellants' assignment of error is not well taken. *Stemen, supra,* does not provide that a movant is precluded from using, in a renewed summary judgment, evidence which was earlier available but not used. In *Stemen,* the appellate court reversed the appellee's favorable ruling on their motions for summary judgment and remanded the case to the trial court. Appellees again filed a motion for summary judgment, together with additional exhibits and affidavits. The trial court again granted the appellees summary judgment. On appeal the court noted "a party against whom a claim is asserted may move at any time for summary judgment and it shall be granted if under the expanded record, including the pleadings, the moving party is entitled to a judgment as a matter of law." *Stemen, supra* at 267. The *Stemen* court affirmed the trial court's second grant of summary judgment based upon the expanded record.

The present facts are similar to those in *Stemen.* The appellees, in the present case, renewed their motions for summary judgment, as did the appellees in *Stemen,* with additional sworn statements. We find that the appellees' renewed motions for summary judgment were based upon an expanded record and the trial court's action in considering the renewed

motions was not, per se prejudicial and reversible error.

Appellants' first assignment of error is overruled.

## II

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN GRANTING SUMMARY JUDGMENT TO THE DEFENDANT SUSAN M. A. STEPHANOFF WHERE THE PLAINTIFFS HAD DEMONSTRATED THE EXISTENCE OF GENUINE ISSUES OF MATERIAL FACT.

The basis for Stephanoff's motion for summary judgment was that appellants could not establish the element of malice essential to a *prima facie* case of malicious prosecution. As we stated in the first appeal, "To make out a *prima facie* case of malicious prosecution it is necessary to prove (1) that the defendant was motivated by actual malice in instituting the civil or criminal action or proceeding; (2) that the defendant lacked probable cause to initiate proceedings; (3) that the plaintiff was arrested or the plaintiff's property was seized in connection with the proceeding; and (4) the proceeding was terminated in favor of the plaintiff. See *Rogers* v. *Barbera* (1960), 170 Ohio St. 241; *Woyczynski* v. *Wolf* (1983), 11 Ohio App. 3d 226. An attorney is immune from liability to third persons arising from his performance as an attorney in good faith on behalf of, and with the knowledge of his client unless such third person is in privity with the client or the attorney acts maliciously. *Scholler* v. *Scholler* (1984), 10 Ohio St. 3d 98; *Woyczynski* v. *Wolf, supra.* This court has determined that in the context of attorney liability for malicious prosecution it must be shown that the attorney either acted maliciously or that he knew, by clear and convincing evidence, that his client was motivated solely by actual malice. We have further held that it must be shown that he did not have a good-faith basis for believing that the civil or criminal proceeding was warranted under existing law, or under a good-faith argument for extension, modification or reversal of existing law. This is the 'probable cause' element as it applies to attorneys. See *Woyczynski* v. *Wolf, supra.*" *Cipriani, supra.*

Civ. R. 56(C) provides that summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.

In her affidavit, attached to her motion, Stephanoff states that her actions were in good faith and based strictly on the facts as related by her client, and upon the law as she understood it. Stephanoff further asserts that she did not harbor any ill will or malice towards the C}rianis nor did she believe that they were motivated by malice.

Appellants' evidence in opposition is that Stephanoff knew that the judgment against the appellants arose out of a contract and not the ownership of his motor vehicle. The appellants' "evidence" establishes that Stephanoff, in a letter to the Ohio Department of Motor Vehicles, stated that the judgment against the Ciprianis arose out of the ownership of a vehicle. Further, in appellant James Cipriani's affidavit he relates a conversation with Stephanoff in which he claims that she told him she would get him for not paying the judgment.

Appellant, by way of affidavit and supporting evidence, has shown that Stephanoff was aware of the specific finding of the municipal court i.e., that liability arose out of a rental agreement and not the use or ownership of a car, and further that she *improperly* petitioned the Ohio Department of Motor Vehicles for suspension of appellant's driver's license and registration.[3] Appellants' evidence also shows that Cipriani's license and registration was indeed taken from him but later reinstated as it was adjudged to be an improper taking. We believe that appellant's evidence, even in light of Stephanoff's assertions that she acted in good faith, raise genuine issues of material fact as to whether Stephanoff acted with malice. The evidence before us is not clear as to whether Stephanoff made an error in judgment and understanding of the law, or whether she acted maliciously in pursuing her client's judgment. This issue of fact must be left to a judge or jury to decide.

Appellants' first assignment of error is sustained. The trial court erred in granting summary judgment in favor of Stephanoff.

## III

PREJUDICIAL ERROR WAS COMMITTED BY THE TRIAL COURT IN THE GRANTING OF SUMMARY JUDGMENT TO THE DEFENDANT

AMERICAN LEGION POST 703 WHERE THERE EXISTED GENUINE ISSUES OF MATERIAL FACT.

Appellants' argue that summary judgment was inappropriately granted the American Legion Post as issues of material fact existed. The American Legion's basis for summary judgment was the assertion of the complete defense, "advise of counsel." As we stated in the first appeal, "'Advice of counsel' is a complete defense where the defendant shows that he had fully and fairly informed his counsel of all the material facts and had followed counsel's advice in good faith. *Reenan v. Klein* (1981), 3 Ohio App. 3d 142." *Cipriani,* supra. The Legion's motion and affidavit state that Stephanoff was hired to collect a judgment, that the avenue of collection was left solely to her to decide, and that she had been fully and fairly informed of all material facts.

The appellants' assert that summary judgment was wrongly granted the American Legion Post because there was divergent testimony amongst the parties as to whose vehicle caused the damage to the legion's hall.[4] Appellants claim that this discrepancy evidences the fact that Stephanoff could not have been fully and fairly informed of the pertinent facts thus making the grant of summary judgment improper.

We fail to see how the discrepancy as to the ownership of the vehicle, which caused the damage, is relevant to the claim against the Legion. Appellants' present action is based on appellees' wrongful pursuit and use of R.C. 4509.37 in satisfying its judgment. The Legion asserts that it did not have any role in the selection of the collection proceeding and that it only followed the advice of counsel. The Legion further asserts that it informed Stephanoff of all the facts that gave rise to collection attempts. Further, appellants do not assert that the Legion misrepresented the nature of their judgment to Stephanoff or to the Bureau of Motor Vehicles. In fact, appellants, in responding to appellees request for admissions, stated that the ownership of the vehicle, which caused the damage, was irrelevant and immaterial. Appellants base their claim on the fact James Cipriani's license was suspended because of the false allegation that he was responsible for damages based on his ownership of a vehicle.

We fail to see how statements made by an agent of the Legion as to whose vehicle caused the damage is relevant to the present issue of whether the Legion acted maliciously in pursuing their post-judgment action. Reviewing the evidence in a light most favorable to appellants, we find that the Legion fully and fairly informed counsel of the judgment[5] and that they followed counsel's advice in good faith. Appellants have not shown that the Legion did not fully and fairly inform their counsel. Appellants have only shown that James Cipriani's own self-serving testimony creates a discrepancy over whose vehicle caused the damage.

The trial court's grant of summary judgment in favor of appellee American Legion Post was proper. Appellant's assignment of error is not well taken.

Judgment affirmed in part; reversed in part; and remanded.

It is therefore, considered that said appellants recover of said appellees their costs herein.

It is ordered that a special mandate be sent to said Court to carry this judgment into execution.

PATTON, P.J., and CORRIGAN, J., Concur.

Sitting By Assignment: Judge Mark K. Wiest of the Wayne County Court of Common Pleas.

---

[1] Cipriani, et al. v. Stephanoff, et al. (August 17, 1987), Cuyahoga App. No. 52661, unreported. (As to Stephanoff, the reversal was based on the absence of properly filed evidentiary materials in support of her motion. American Legion Post 703's affidavits were found to not support their defense that they had relied on the advice of counsel.)

[2] "'Advice of counsel' is a complete defense where the defendant shows that he had fully and fairly informed his counsel of all the material facts and had followed counsel's advice in good faith. Reenan v. Klein (1981), 3 Ohio App. 3d 142." Cipriani, supra.

[3] R. C. 4909.37 states that when a person is adjusted liable for damages upon a cause of action arising out of ownership, maintenance or use of a motor vehicle and fails within 30 days to satisfy a judgment rendered within this state, the registrar of the Bureau of Motor Vehicles shall suspend his operator's license until settlement of judgment. (Emphasis added.)

[4] The discrepancy exists between a Legion member's testimony and that of appellant James Cipriani. The former wrote down the license number of the van that hit the door. The license number revealed that the van belonged to Cipriani. Cipriani testified that his

van could not have done the damage as it was parked at his home.
[5]    In fact Stephanoff tried the action in Parma Municipal Court.