In re TOPCOR, INC., Debtor.

**A.M. MANCUSO, Trustee of the Estate of Topcor, Inc., Plaintiff,**

**v.**

**CONTINENTAL BANK NATIONAL ASSOCIATION CHICAGO, Successor by Name Change to Continental Illinois National Bank & Trust Company of Chicago, Defendant.**

**Bankruptcy No. 386–30655–HCA–11. Adv. No. 390–3186.**

United States Bankruptcy Court, N.D. Texas, Dallas Division.

Aug. 27, 1991.

Rhett G. Campbell, Robert A. Sherman, Morris & Campbell, Houston, Tex., for plaintiff.

Russell L. Munsch, Decker, Hardt, Kopf, Harr, Munsch & Dinan, P.C., Dallas, Tex., for defendant.

## MEMORANDUM OPINION

HAROLD C. ABRAMSON, Bankruptcy Judge.

This matter comes before the Court on cross-motions for Summary Judgment filed in the above-styled and numbered case. On March 23, 1990, A.M. Mancuso, Trustee of the Chapter 11 Estate of Topcor, Inc. ("Trustee"), filed a Complaint against Con-

tinental Bank National Association Chicago, Successor by Name Change to Continental Illinois National Bank Trust & Company of Chicago ("Continental" or the "Defendant"). On May 14, 1990, Defendant filed its Original Answer, and on October 18, 1990, its Motion for Summary Judgment. On February 6, 1991, Trustee filed a Cross–Motion for Partial Summary Judgment and Response to Defendant's Motion for Summary Judgment, which was amended on February 11, 1991. Defendant's Response to the Trustee's Cross–Motion for Partial Summary Judgment was filed on March 4, 1991.

The Court finds initially that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (H) and (O). The Court having considered the arguments of counsel and reviewed the relevant pleadings and law, renders the following findings of fact and conclusions of law. The findings herein although in narrative form are intended to comply with Federal Rule of Bankruptcy Procedure 7052.

### FINDINGS OF FACTS

Clint W. Murchison, Jr. ("Murchison") was the sole shareholder of Topcor, Inc. (the "Debtor"). The Debtor was the sole shareholder of Corland Corporation, which in turn owned 80% of Thermonetics, the 100% shareholder of Calfeed Oklahoma, Inc. ("Calfeed"). The Debtor was also the sole shareholder of Topcor Financial Corporation ("Topcor Financial").

Continental made various loans to Murchison and other entities affiliated with Murchison, including Topcor Financial and Calfeed. The Debtor was a guarantor of Topcor Financial's indebtedness to Continental, while Murchison guaranteed both Topcor Financial and Calfeed indebtedness.

On October 3, 1983, Calfeed was indebted to Continental in the approximate amount of $7,500,000.00, and Topcor Finan-

cial was indebted to Continental for approximately $37,000,000.00.

On or about October 4, 1983, the Debtor obtained a $20,000,000.00 loan from Arab Banking Corporation. On October 5, 1983, Continental debited $4,000,000.00 from Account No. 76–36792 [1] at Continental, applying $1,093,037.66 of the funds to pay past due interest on the loan balance due Continental from Calfeed. The remainder of the $4,000,000.00 was applied to repayment of the Topcor Financial debt to Continental.

In September 1984, the documents pertaining to the Topcor Financial and the Calfeed loans were transferred and delivered to the Federal Deposit Insurance Corporation ("FDIC") as part of the restructuring of Continental's parent company.

On February 26, 1986, Topcor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Code"). On March 28, 1988, the U.S. Trustee appointed A.M. Mancuso as trustee of the Debtor's estate pursuant to § 1104(c) of the Code.[2]

On March 23, 1990, A.M. Mancuso filed a Complaint against Continental alleging that the Trustee was entitled to recover from Continental a fraudulent transfer in the amount of $1,093,037.66 pursuant to § 544(b) of the Code. Specifically, the Trustee alleges that the payment was made by the Debtor to Continental with the intent to delay, hinder and defraud creditors of the Debtor and is recoverable under applicable state law.

### STANDARDS FOR SUMMARY JUDGMENT

Under Federal Rule of Civil Procedure 56(c), made applicable to this case by Bankruptcy Rule 7056, summary judgment is proper if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Celotex*

---

1. Continental contends that Account No. 76–36792 was in the name of KLTE Broadcasting, Inc., a non-debtor entity, whereas the Trustee alleges that the funds belonged to the Debtor. However, the parties have agreed to continue the question of who owned the transferred funds for further discovery.

2. On March 29, 1990, A.M. Mancuso became qualified as trustee upon his acceptance of the appointment.

*Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The existence of a material factual dispute is sufficient to bar summary judgment when the disputed fact is determinative of the outcome under applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The inquiry involving a motion for summary judgment is whether the evidence presents a sufficient disagreement to require trial, or whether one party must prevail as a matter of law. *Id.* at 251–52, 106 S.Ct. at 2511–12.

For purposes of their motions for summary judgment, the parties have agreed to continue the issues presented under § 544(b) for further discovery. However, the Defendant has asserted certain affirmative defenses which would bar the Trustee's fraudulent conveyance action without addressing the merits of the suit. The Defendant argues that the Trustee's Complaint is time barred, both by the applicable limitations period and the equitable doctrine of laches. The limitations issue raised by the Defendant is well-suited for summary judgment since the facts are not in dispute, and it involves a matter of law. Therefore, the Court will now address the legal issue of whether the Trustee's § 544(b) Complaint is a viable action, or whether it is time barred by the applicable limitations period.

### CONCLUSIONS OF LAW

The Trustee's Complaint is based upon § 544(b) of the Code, which provides as follows:

> (b) The trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

11 U.S.C. § 544(b). Therefore, § 544(b) creates a power of avoidance in the Trustee to avoid any transfer of an interest of the

debtor that is voidable under state or federal nonbankruptcy law by a creditor holding an unsecured claim. *Joe T. Dehmer Distributors, Inc. v. Temple,* 826 F.2d 1463, 1466 (5th Cir.1987), *citing,* 4 *Collier on Bankruptcy* ¶ 544.03 (15th ed. 1987). In the case at hand, the Trustee alleges that the transfer is avoidable pursuant to § 24.01 of the Texas Business & Commerce Code and ILL.REV.STAT. ch. 59 § 4.[3]

In addressing the appropriate limitations period to apply to the action, the Trustee argues that Code § 546(a) governs the bringing of § 544 actions, and that his Complaint was timely filed thereunder. The Defendant, however, contends that § 108 of the Code is the appropriate limitations period, along with any applicable state law limitations periods, and that § 546(a) acts only as an additional limitation upon when a trustee may bring an action. The question before the Court is whether the Trustee's avoidance action is governed by § 546(a), and, if so, whether the Complaint was timely filed in accordance therewith.

This Court has interpreted the meaning of § 546(a) previously in an unpublished opinion entered in an adversary proceeding styled *D.M. Lynn, Plan Trustee for Corland Corp., and Duke Salisbury, Estate Trustee for Corland Corp. v. NCNB Texas National Bank, N.A. as successor to First Republicbank–Dallas, N.A., as successor-in-interest to Interfirst Bank Dallas N.A.,* Adversary No. 388–3529 (hereinafter referred to as *"Corland"*). After reconsideration of the issues and the language of the Code, the Court holds that § 546(a) provides the applicable statute of limitations for § 544 actions, and that the Trustee's action was timely filed thereunder.

### I.  APPLICABLE STATE LAW STATUTE OF LIMITATIONS

The Court will look first to the applicable state limitations periods in analyzing the

---

3. The parties have discussed both Texas and Illinois law throughout the proceedings. The Court notes that a determination of which

state's substantive law governs this action is not necessary for the Court's ruling herein.

timeliness of the Trustee's § 544(b) action.[4] The Texas version of the Uniform Fraudulent Transfer Act in effect at the time of the transfer provided a four year statute of limitations. Tex.Rev.Civ.Stat. art. 5529 (1983) (Repealed).[5] The corresponding limitations period for fraud actions in Illinois is five years. Ill.Rev.Stat. ch. 110, § 13–205 (1981). Therefore, as of the date Debtor filed its bankruptcy petition, an avoidance action was still maintainable under either Texas or Illinois law.

However, absent the Debtor's bankruptcy filing on February 26, 1986, the latest possible date a creditor could have brought an avoidance action under applicable state law would have been October 5, 1988, the date the Illinois statute of limitations expired. Therefore, the Court must determine whether the Trustee's action was maintainable under the applicable limitations provisions of the Code.

## II. APPLICATION OF SECTION 546(a)

The Trustee contends that § 546(a) governs the timeliness of § 544 actions, and that his Complaint was timely filed within two years of his appointment and before the case was closed or dismissed. The Defendant, however, argues that the Trustee cannot use § 546(a) as an extension of the time within which his Complaint had to be filed, since § 546(a) simply places an additional limitations period on trustees' actions.

Section 546(a) of the Code provides as follows:

(a) An action or proceeding under section 544, 545, 547, 548 or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302 or 1202 of this title; or

(2) the time the case is closed or dismissed.

11 U.S.C. § 546(a).

The majority of courts that have addressed the issue have held that § 546(a) is the applicable limitations provision for a § 544 action. *Rosania v. Haligas (In re Dry Wall Supply, Inc.)*, 111 B.R. 933, 936 (D.Colo.1990); *See also, Hunter v. Hansen (In re Hansen)*, 114 B.R. 927, 933 (Bankr. N.D.Ohio 1990); *Mahoney, Trocki & Assocs., Inc. v. Kunzman (In re Mahoney, Trocki & Assocs., Inc.)*, 111 B.R. 914, 917 (Bankr.S.D.Cal.1990); *Corzin v. Haugen (In re Flexible Artcraft Graphics Unlimited, Inc.)*, 74 B.R. 917, 920 (Bankr. N.D.Ohio 1987); *Stuart v. Pingree (In re AFCO Dev. Corp.)*, 65 B.R. 781 (Bankr. Utah 1986); *Eisenberg v. Feiner (In re Ahead By A Length, Inc.)*, 100 B.R. 157, 164 (Bankr.S.D.N.Y.1989). In a case involving a trustee's complaint to avoid certain transactions on the grounds of voidable preference and fraudulent transfer, the Fifth Circuit Court of Appeals stated, "We agree that the limitations period under section 546(a) should commence consistent with the appointment of the trustee through a written order." *MortgageAmerica Corp. v. American Fed. Sav. & Loan (In re MortgageAmerica Corp.)*, 831 F.2d 97, 98 (5th Cir.1987) (per curiam).

Many of the courts have emphasized the following statement from a leading bankruptcy treatise:

Since the trustee, under section 544(b), will often be compelled to stand on the rights of a single qualified creditor, it is to be expected that questions of estoppel and the effect of the running of statutes of limitations will arise. The general rule is that section 544(b) confers upon the trustee no greater rights of avoidance than the creditor himself would have if he were asserting invalidity on his own behalf. Consequently, if the

---

**4.** The Court must first determine whether any claim that may have existed in favor of a creditor was still viable against the transferee as of the petition date. If the applicable state limitations periods had expired prior to the petition date, then neither § 546(a) or § 108 would enable the Trustee to bring the action.

**5.** Article 5529 has been recodified in Section 16.051 of the Texas Civil Practice and Remedies Code (Vernon 1986), effective September 1, 1985.

creditor is deemed estopped to recover upon his claim, or is barred from recovery because of the running of a statute of limitations *prior to the commencement of the case,* the trustee is likewise rendered impotent. Once the case has commenced, section 546(a), infra, specifies the time within which the trustee must act under section 544(b).

4 *Collier on Bankruptcy,* ¶ 544.03[2] at 544-21 to -22 (L. King 15th ed. 1989). In other words, as long as the state law statute of limitations period has not expired prior to the debtor's filing for bankruptcy, the trustee may bring an avoidance action under § 544(b) within two years of his appointment.

■ In a 1990 decision, the Tenth Circuit Court of Appeals held that § 546(a) applies to actions filed by a Debtor in Possession as well as trustees,[6] and therefore, the two year period of limitations begins to run from the date of the filing of a Chapter 11 petition. *Zilkha Energy Co. v. Leighton,* 920 F.2d 1520, 1524 (10th Cir.1990). Not only is the *Zilkha* decision contrary to this circuit's position set forth in *In re MortgageAmerica Corp.,* but the *Zilkha* opinion mixes the language of § 108 and § 546(a) as well. Section 546(a) does not refer to the date of filing the petition; it refers to the appointment of the trustee. Section 108 refers to the date of the order for relief.[7] Furthermore, although in a Chapter 11 case a Debtor in Possession has the powers of, and is equated with, a trustee for most purposes, they are two distinct entities, often focusing on different aspects of the bankruptcy case. This Court concludes that the statute is clear that the two year limitations period in § 546(a)(1) begins to run from the date of the appointment of the trustee, and not the petition date as the Tenth Circuit held. *In re MortgageAmerica Corp.,* 831 F.2d at 98; *See also Korvettes, Inc. v. Sanyo Electric, Inc. (In re*

*Korvettes, Inc.),* 67 B.R. 730 (S.D.N.Y.1986).

Although, as this Court noted in *Corland,* most of the cases relied upon by the Trustee applied the shorter two year limitations period in § 546(a) as a bar to trustees' actions where the applicable state limitations period had not expired,[8] at least one court has held that an action that was filed after all limitations periods had expired but within two years of the trustee's appointment was timely filed under § 546(a). *In re Dry Wall Supply, Inc.,* 111 B.R. 933. Therefore, when analyzing the timeliness of a § 544 avoidance action, the applicable state limitations periods are only relevant in analyzing whether the claim was time barred prior to the bankruptcy filing. If the fraudulent conveyance action was not time barred as of the petition date, then § 546(a) supersedes the state statute of limitations period since it provides a specific time within which a § 544 claim can be brought. *See In re Dry Wall Supply, Inc.,* 111 B.R. at 936; *In re Mahoney, Trocki & Assocs., Inc.,* 111 B.R. 914.

## III. POLICY CONSIDERATIONS

■ Limitations periods are intended to apprise defendants of any adverse claims against them by preventing plaintiffs from sleeping on their rights to the detriment of the defendants. *See Crown Cork & Seal Co. v. Parker,* 462 U.S. 345, 352, 103 S.Ct. 2392, 2396-97, 76 L.Ed.2d 628 (1983). The Court notes that this purpose is not unduly frustrated by giving the Trustee two years from the date of his appointment to bring any fraudulent transfer actions. The Court also notes that several compelling reasons support Congress' decision to provide trustees two years to commence any avoidance actions.

The most evident reason for providing trustees two years to bring avoidance ac-

---

6. The issue of whether § 546(a) applies to Debtors in Possession as well as trustees is not before the Court.

7. The Court also missed the point that § 108 refers to the date of the order for relief, which is not always the date of the filing of the petition. *See, e.g.,* 11 U.S.C. § 303.

8. Congress' intent is clear that a trustee may not commence an avoidance action after two years from his appointment or after the case is closed or dismissed, even if the state limitations period has not expired.

tions is to ensure that the trustee has ample time to investigate any potential claims and causes of action for the estate. *In re Dry Wall Supply, Inc.*, 111 B.R. at 936–37. In *Dry Wall Supply*, the Colorado District Court stated that, "[w]ithout this two year period, a trustee who does not immediately determine what potential claims are available for the recovery of assets may forever be barred from asserting those claims if the statute of limitations expires early in the bankruptcy, or potentially before the trustee is even appointed." *Id.* at 937. The opportunity to investigate potential claims is not the only consideration in allowing trustees an additional limitations period for filing such actions.

Another reason to provide trustees with a two year limitation period is the way many bankruptcy proceedings progress. Often, a debtor will file a bankruptcy petition under Chapter 11 of the Code, and the case will remain open for years before a Chapter 11 trustee is appointed or the case is converted to Chapter 7. In such instances, unless the court orders otherwise, the creditors of the estate are dependent upon the Debtor in Possession to bring any avoidance claims on their behalf. *Nebraska State Bank v. Jones*, 846 F.2d 477, 478 (8th Cir.1988) (only trustees, and not creditors, have standing to bring § 544(b) avoidance actions); *See also In re Hansen*, 114 B.R. at 932.

The very nature of Chapter 11 proceedings demonstrates the problems with the *Zilkha* holding that the two year limitations period provided by § 546(a) begins to run from the date the bankruptcy petition is filed. In a Chapter 11 case, the Debtor in Possession is concerned primarily with rehabilitating the company by developing a confirmable plan of reorganization. The Debtor in Possession negotiates with the creditors of the estate regarding the treatment they will receive under the plan, and ultimately, it is the creditors who vote to accept or reject the plan.[9] The Debtor in Possession may decide during this negotiation period to compromise, settle, or aban-

don any avoidance actions. Therefore, even though both a Debtor in Possession and a trustee have fiduciary responsibilities to the estate, the recovery of preferential transfers is more likely to occur with a trustee.

Furthermore, the Debtor in Possession has less incentive to bring an avoidance action, since the Debtor is the one who made the preferential transfer in the first place. *Perlstein v. Saltzstein (In re AOV Indus., Inc.)*, 62 B.R. 968, 974 (Bankr. D.C.1986). Therefore, sound policy calls for providing trustees an additional two years from the date of appointment to bring any § 544(b) actions.

The Court also points out that its holding is in accord with the general policy of the Code to provide trustees broad avoidance powers to maximize the value of the estate for the benefit of all creditors. *See American Nat'l Bank of Austin v. MortgageAmerica Corp. (In re MortgageAmerica Corp.)*, 714 F.2d 1266, 1275 (5th Cir.1983). Furthermore, numerous courts have held that *each* trustee appointed under the enumerated provisions of § 546(a) has two years within which to commence avoidance actions. *Smith v. Moody (In re Moody)*, 77 B.R. 566, 573–74 (S.D.Tex.1987), *aff'd*, 862 F.2d 1194 (5th Cir.1987) (limitations period under § 546(a) runs anew with each successive trustee appointed).

## IV. SECTION 108(a) LIMITATIONS PERIOD

■ The Defendant contends that holding § 546(a) as the applicable limitations provision for § 544(b) actions instead of as an additional limitation would render § 108(a) of the Code meaningless. This Court, however, concludes that its ruling that § 546(a) governs actions brought under § 544(b) does not invalidate the meaning of § 108.

Section 108(a) sets forth the circumstances within which a trustee can bring an action which the debtor could have

---

**9.** It is not difficult to see how a Debtor in Possession might not desire to bring an avoidance action against the creditors with whom he is negotiating with, and dependent upon, for the survival of the company.

brought. Section 108(a) provides as follows:

(a) If applicable non-bankruptcy law, an order entered in a non-bankruptcy proceeding, or an agreement fixes a period *within which the debtor may commence an action,* and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) two years after the order for relief.

11 U.S.C. § 108(a) (emphasis added).

By its express language, § 108(a) only applies to causes of action that the debtor owned prepetition. *Andrew v. Coopersmith (In re Downtown Investment Club III),* 89 B.R. 59, 65 (Bankr. 9th Cir.1988) ("Bankruptcy Code § 108(a) refers to pre-filing causes of action belonging to the debtor and not to a cause of action created by the Bankruptcy Code."). When a trustee commences a cause of action pursuant to § 544(b) of the Code, he is standing in the shoes of an unsecured creditor, and is not acting as a representative of the debtor. *Hassett v. McColley (In re O.P.M. Leasing Services, Inc.),* 28 B.R. 740, 760 (Bankr.S.D.N.Y.1983). Therefore, the two limitations provisions of the Code relate to different causes of action: § 108(a) involves trustees' actions brought on behalf of the debtor,[10] whereas § 546(a) limits the time a trustee has to commence an avoidance action as a representative of the estate.

## V. APPLICATION OF THE EQUITABLE DOCTRINE OF LACHES

The Defendant also contends that the Trustee's Complaint should be barred by laches. The equitable doctrine of laches

will not bar an otherwise timely avoidance claim since § 546(a) provides a specific statutory time limitation within which a trustee must bring the action. *Gross v. Petty (In re Petty),* 93 B.R. 208, 212 (Bankr. 9th Cir.); *In re Korvettes, Inc.,* 67 B.R. at 734. Although the Trustee waited right up to the deadline to file his Complaint, it was timely brought under § 546(a) and, therefore, not barred by laches as a matter of law.

## CONCLUSION

In the case at hand, the applicable state law statute of limitations had not expired at the time the Debtor filed its Chapter 11 petition. Therefore, § 546(a) provided that the Trustee had two years from the date of his appointment to file any avoidance actions. Since the Trustee filed the current adversary proceeding on March 23, 1990, the Complaint was timely filed, and not barred by limitations or laches.

Based upon the foregoing memorandum opinion, Defendant's motion for summary judgment is DENIED. The Trustee's First Amended Cross–Motion for Partial Summary Judgment that the fraudulent conveyance action against the Defendant was timely filed is GRANTED. Counsel for the Trustee is directed to prepare an appropriate order with copy to opposing counsel.

---

**10.** The actions available to a debtor would be dependent upon what Chapter under the Code the debtor filed a proceeding. In a Chapter 7, the actions or claims of the debtor pass to the Trustee. 11 U.S.C. § 541. In a Chapter 13, the debtor must bring actions on prepetition claims along with the Standing Trustee. In a Chapter

11 where there is a trustee serving, the actions available to the trustee, aside from voidability actions under Sections 544, 547, and 548, would be prepetition claims of the debtor. Such claims could range from breach of contract claims to patent infringement or securities fraud.