In re RADCLIFFE'S WAREHOUSE SALES, INC., a Washington corporation, Debtor.

James B. McCOY, Trustee, Plaintiff,

v.

Phillip J. GRINNELL, Thomas F. Radcliffe, and Floyd and Juanita Radcliffe, Defendants.

Bankruptcy No. 83–00298T.
Adv. No. A83–0233.

United States Bankruptcy Court,
W.D. Washington,
at Tacoma.

July 16, 1983.

James B. McCoy, Longview, Wash., Trustee, pro se.

Steven Pond, Longview, Wash., for defendant Phillip J. Grinnell.

Stephen McLean, Longview, Wash., for debtor.

## DECISION ON MOTION FOR SUMMARY JUDGMENT

ROBERT W. SKIDMORE, Bankruptcy Judge.

This matter came on regularly for hearing on June 9, 1983 upon defendant Phillip J. Grinnell's Motion for Summary Judgment. Plaintiff James B. McCoy, Trustee, appeared pro se and defendant Phillip Grinnell was represented by Steven Pond.

Defendant Grinnell has moved for summary judgment on all issues involved. The plaintiff is the Chapter 7 Trustee appointed in the above entitled estate commenced by a petition filed February 13, 1983. The trustee's complaint alleges that: (1) the debtor's sale of inventory and equipment to defendant Grinnell constitutes a bulk sale under Article 6 of the Uniform Commercial Code, and as such said transfer was "ineffective" as to certain creditors due to improper notice and therefore the trustee is entitled to turnover of said property; (2) that said transfer was "concealed" and not discovered by the trustee or creditors within six months of the filing of the above entitled action; (3) that said transfer amounted to a fraudulent transfer for less than rea-sonable equivalent value and other grounds under 11 U.S.C. § 548; and (4) that said transfer violated the debtor's common law fiduciary duty to its creditors, and as such said assets are earmarked as a "trust fund" for the benefit of said corporation's creditors.

Defendant Grinnell filed an answer, generally controverting the averments in plaintiff's complaint on May 12, 1983. Subsequently, defendant Grinnell filed an amended answer on May 27, 1983 which raised the applicable statute of limitations under the bulk sales law as an affirmative defense.

At all times material hereto the inventory and equipment in question were located in the State of Oregon. The parties have stipulated that ORS 76.1010 et seq is applicable to the transaction in question.

It is the defendant's position that the trustee's action under Article 6 of the Uniform Commercial Code is barred by the provisions of ORS 76.1110 which mandates that any action must be brought within "... six months after the date on which the transferee took possession of the goods unless the transfer has been concealed...." Defendant also asserts that there is no basis to support the trustee's action under § 548, since the property was sold for a reasonable equivalent value. The trustee argues that since the defendant's original answer failed to raise the statute of limitations as an affirmative defense, said defense is deemed waived under F.R.C.P. 12(h). The trustee also maintains that his action under ORS 76.1010 et seq is not barred by the statute of limitations by intervention of the filing of the debtor's petition, pursuant to 11 U.S.C. § 108. In the alternative, the trustee asserts that the transfer was concealed and the above entitled action was commenced within 6 months of discovery. As to the fraudulent transfer, it is the trustee's position that there are issues of fact to be resolved under § 548(a)(2)(A).

The defendant's motion is made pursuant to FRCP 56 (which is incorporated in Rule of Bankruptcy Procedure 756). FRCP 56(c) provides that:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answer to interroagories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to a judgment as a matter of law.

The nature of summary judgment motions is succinctly summarized in *Matter of Clover Donut of White Plains Corp.,* 14 B.R. 205 (Bkrtcy.1981);

In deciding a motion for summary judgment the court does not try issues of fact; "... it can be only determined whether there are issues to be tried and in so doing must resolve all ambiguities and draw all reasonable inferences in favor of the party against whom summary judgment is sought." *United States v. Diebold,* 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Heyman v. Commerce and Industry Insurance Co.,* 524 F.2d 1317, 1320 (2nd Cir.1975). The moving party has the burden of demonstrating the absence of any material factual issue genuinely in dispute. *Heyman v. Commerce and Industry Co. supra.* Rule 56 of the Federal Rules of Civil Procedure, which authorizes summary judgment in appropriate cases, is made applicable in adversary proceedings in bankruptcy cases by Bankruptcy Rule 756. The rule permits a party to pierce allegations of fact in the pleadings and to obtain relief by summary judgment where facts set forth in detail in affidavits, admissions, and materials extraneous to the pleadings show that there is no genuine issue of material fact to be tried. *Matter of Clover Donut of White Plains Corp., supra,* p. 208.

The court finds that there are genuine issues of material fact to be resolved regarding (1) defendant's compliance with the procedural requirements of ORS 76.1010 et seq, (2) whether the transaction in question was "concealed" for the purposes of ORS 76.1110, and (3) whether the property was sold for less than its reasonable equivalent value pursuant to § 548(a)(2)(A). Therefore, defendant Grinnell's Motion for Summary Judgment as to those issues is denied.

F.R.C.P. 56(d). The court finds that there are no genuine issues of material fact regarding the application of the substantive six month limitation of actions of ORS 76.-1110 (vis a vis 11 U.S.C. § 108). As such, the defendant will be awarded partial summary judgment on said claim if he is entitled thereto as a matter of law. F.R.C.P. 56(c), (d).

## I. WAIVER OF AFFIRMATIVE DEFENSE

■ The trustee contends that the defendant's failure to include the statute of limitations as an affirmative defense in his original answer pursuant to F.R.C.P. 8(c), amounted to a waiver of said defense, which precludes him from raising it in an amended answer. Although not expressly stated, it is clear that the trustee is relying on the line of federal decisions which hold that failure to plead an affirmative defense constitutes waiver under the language of F.R.C.P. 12(h). See Wright & Miller, *Federal Practice and Procedure,* § 1278, p. 343; *Systems, Inc. v. Bridge Electronics Co.,* 335 F.2d 465 (CA 3rd 1964); *Nakdimen v. Baker,* 111 F.2d 778 (CA 8th 1940), cert. den. 311 U.S. 665, 61 S.Ct. 22, 86 L.Ed. 427; *Wirtz v. F.M. Sloan, Inc.,* 285 F.Supp. 669 (D.C.Pa.1968); *Alexander v. Alexander,* 140 F.Supp. 925 (D.C.S.C.1956) *Hardy-Latham v. Wellons,* 415 F.2d 674 (CA 4th 1968); *Eastridge v. Fruehauf Corp.,* 52 F.R.D. 129 (D.C.Ky.1971). However, this view has been largely eroded by the 1966 amendment to Rule 12 and the Advisory Committee Notes which state that the waiver provision of F.R.C.P. 12(h) only applies to the defenses expressly listed in Rule 12. See Wright & Miller, *Federal Practice & Procedure, supra,* p. 343.

The best statement of current practice with regard to waiver of an affirmative defense that is omitted from a defendant's original answer is contained in *Moore's Federal Practice:*

If an affirmative defense is not pleaded it is waived to the extent that the party who should have pleaded the affirmative

defense may not introduce evidence in support thereof, unless the adverse party makes no objection in which case the issues are enlarged, or unless an amendment to set forth the affirmative defense is properly made. 2A *Moore's Federal Practice* ¶ 8.27[3], pp. 8–251–4 (2nd ed. 1983).

Clearly, an affirmative defense may be added by amendment pursuant to FRCP 15(a), if appropriate under the terms of that rule. See *Joplin v. Bias,* 631 F.2d 1235 (CA 5th 1980); Wright & Miller, *Federal Practice & Procedure, supra,* pp. 344–350. Since the trustee did not make a motion to strike the amendment as being improper under FRCP 15(a), the court can only conclude that the amendment was appropriate under the circumstances. Therefore, the trustee's argument of waiver is without merit.

## II. STATUTE OF LIMITATIONS; 11 U.S.C. § 108

■ It is the defendant's position that the creditor's right of action or ability to levy under ORS 76.1010 et seq was barred on or about March 7, 1983. Therefore, defendant Grinnell contends that the trustee's complaint filed on April 7, 1983 is beyond the period of the statute of limitations. The trustee responds that his ability to bring the above entitled action under Article 6 of the Uniform Commercial Code was extended by the filing of the debtor's petition on February 14, 1983, and the substantive provisions of 11 U.S.C. § 108.

11 U.S.C. § 108 provides:

(a) If applicable law, an order entered in a proceeding, or an agreement fixes a period *within which the debtor may commence an action,* and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of—

　(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; and

　(2) two years after the order for relief.

(b) Except as provided in subsection (a) of this section, if applicable law, an order entered in a proceeding, or an agreement *fixes a period within which the debtor or an individual protected under section 1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act,* and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of—

　(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; and

　(2) 60 days after the order for relief.

(c) Except as provided in section 524 of this title, if applicable law, an order entered in a proceeding, or an agreement *fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1301 of this title,* and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—

　(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; and

　(2) 30 days after notice of the termination or expiration of the stay under section 362, 722, or 1301 of this title, as the case may be, with respect to such claim. (emphasis added).

The statute is divided into three specific subsections. Subsection (a) governs commencement of actions by the trustee on behalf of the estate. The statute of limitations that was applicable to the debtor is extended if it has not expired prior to the date the petition is filed. Subsection (b), deals with other acts subject to a time limitation not covered in subsection (a). If the applicable time period has not expired prior to the date the petition is filed, the trustee may take steps to file, cure, or

perform the required act within the extended period.

Section 108(c) specifically applies to extend the statute of limitations for creditors in actions against the debtor, where the creditor is hampered from proceeding outside the bankruptcy court, due to the provisions of 11 U.S.C. § 362. The essence of this provision is summarized in *Collier on Bankruptcy,* 15th edition:

> If a creditor is stayed from commencing or continuing an action *in a court other than a bankruptcy court, on a claim against the debtor* because of the bankruptcy case, then the creditor is permitted an additional 30 days after notice of the event by which the stay is terminated, whether that event be relief from the automatic stay under 11 U.S.C. 362 or 1301, the closing of the bankruptcy case (which terminates the stay), or the exception from discharge of the debts on which the creditor claims. (emphasis added) 2 *Collier on Bankruptcy* ¶ 108.05, p. 108–11 (15th ed. 1983).

In order to determine whether § 108 can be applied to extend the creditors' statute of limitations under ORS 76.1110 as the trustee suggests, it is important to analyze the nature of the creditors' remedies under Article 6 of the U.C.C.

ORS 76.1010 et seq does not provide specific creditor remedies for the transferor and transferee's non-compliance with its provisions. ORS 76.1040(1) simply states that a bulk transfer under the statute is "ineffective" against any creditor of the transferor if the specific steps outlined therein are not taken. The effect of this provision is stated in Comment 2 to § 6–104 of the Official Comments on Uniform Commercial Code:

> Except for the accuracy of the list of creditors, the sanction for non-compliance with the present section is that the transfer is ineffective against creditors of the transferor. The creditors referred to are those holding claims based on transactions or events occurring before the transfer (Section 6–109). Any such creditor or creditors may therefore *disregard the transfer* and levy on the goods as still belonging to the transferor, or a receiver representing them can take them by whatever procedure the local law provides. . . . (emphasis added).

The only limitation on the creditor's ability to exercise existing state law remedies upon non-compliance with ORS 76.1040 are the provisions contained in ORS 76.1110 which state:

> *No action* under ORS 76.1010 to 76.1110 [Article 6 UCC] shall be brought *nor levy made* more than six months after the date on which the transferee took possession of the goods unless the transfer has been concealed. If the transfer has been concealed, actions may be brought or levies made within six months after its discovery (emphasis added).

"Action" is defined in ORS 71.2010(1): " . . . in the sense of a judicial proceeding [it] includes recoupment, counterclaim, set-off, suit in equity and any other proceedings in which rights are determined." "Levy" is not defined in the U.C.C., but has been interpreted in the manner suggested in Comment 2 of the Official Comments on Uniform Commercial Code for § 6–111:

> The main sanction for non-complaince with the Article is that the transfer "is ineffective against any creditor of the transferor." Sections 6—104, 6—105. This means, e.g., that a judgment creditor of the transferor may levy execution on the property. See Comment 2 to Section 6—104.
>
> In such a case, which may be expected to be frequent, no "action under this Article" will be necessary. The action will have been brought and prosecuted to judgment on whatever the claim was. The only thing done "under this Article" will be the levy and resulting sale.
>
> The short statute of limitations is therefore made applicable to levies as well as actions. *"Levy", which is not a defined term in the Code, should be read broadly as including not only levies of execution proper but also attachment, garnishment, trustee process, receivership, or whatever proceeding, under the state's practice, is*

*used to apply a debtor's property to payment of his debts.* (emphasis added).

The trustee relies heavily on *Matter of Curtina Intern, Inc.,* 23 B.R. 969 (Bkrtcy.S. D.N.Y.1982) which held that § 108(a) operated to "toll" the statute of limitations under the New York bulk sales law and allowed the trustee to proceed with his action filed some 15 months after the transferee took possession of the goods. The decision indicates that a bulk transfer of vanilla, raspberry and orange wafers occurred in March of 1981. An involuntary petition for relief was filed April 3, 1981, with an order of relief being entered on April 24, 1981. The trustee was duly appointed on April 28, 1981. Subsequently on June 8, 1982, an adversary proceeding was filed raising non-compliance with the New York bulk sales law for the first time. Regarding the application of 11 U.S.C. § 108 the court stated:

> ... The tolling provisions under the present Bankruptcy Code are to be found in 11 U.S.C. § 108. Thus, *if the debtor has six months under applicable law to commence an action under the state bulk sales law,* and an order for relief is entered against the debtor before the expiration of the six months, the trustee in bankruptcy is afforded a tolling privilege of two years after the order for relief in which to commence such action [*11 U.S.C. § 108(a)*]. Hence, the defendant's defense based upon a six month statute of limitations is without merit. (Emphasis added). *Matter of Curtina, Intern, Inc., supra,* p. 975.

Although the facts of *Matter of Curtina, Intern, Inc., supra,* are similar to those presented in the instant case, this court cannot adopt the reasoning which Judge Schwartzberg followed in extending the bulk sale statute of limitations under § 108(a). 11 U.S.C. § 108(a) can only be utilized by the trustee to extend a statute of limitations which applies to the debtor's cause of action. The trustee's ability to raise non-compliance with ORS 76.1010 et seq does not originate from a cause of action of the debtor, but from rights derived from individual aggrieved creditors pursuant to 11 U.S.C. § 544(b).

The applicable portion of the so called "strong arm" clause, as presently drafted, provides:

> The trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title. 11 U.S.C. § 544(b).

The nature of the trustee's rights under § 544(b) has been described as follows:

> Like Prometheus bound, the trustee is chained to the rights of creditors in the case under title 11. If there are not creditors within the terms of section 544(b) against whom the transfer is voidable under applicable law, the trustee is powerless to act as far as 544(b) is concerned. 4 *Collier on Bankruptcy* ¶ 544.03, pp. 544–141–15 (15th ed 1983).

Therefore, in the instant case the trustee has no greater rights than those of the creditors aggrieved under ORS 76.1010 et seq.

The record reflects that no creditor commenced an "action" or "levied" on property of defendant Grinnell during the six month statute of limitations period. 11 U.S.C. § 108(c) cannot be applied to extend the statute of limitations since it is clear that the aggrieved creditors are not pursuing a "... civil action in a court other than a bankruptcy court on a claim against the debtor..." The trustee seeks turnover of the defendant's property. As such, this is an action against the defendant, a third party.

■ Therefore, the court finds that the defendant is entitled to partial summary judgment on the issue of the general six month statute of limitations period as a matter of law. As stated previously, the court finds issues of fact regarding concealment and reserves resolution of that matter for time of trial. It is now, therefore

ORDERED, ADJUDGED AND DE-
CREED that defendant's Motion for Sum-
mary Judgment on the issue of the six
month statute of limitations is granted pur-
suant to FRCP 56(d), and it is further

ORDERED that defendant's Motion for
Summary Judgment on all other issues is
denied.