In re MAHONEY, TROCKI & ASSOCIATES, INC., a California corporation, Debtor.

MAHONEY, TROCKI & ASSOCIATES, INC., a California corporation, Plaintiff,

v.

James D. KUNZMAN; James D. Kunzman, M.D., Inc., Pension & Profit Sharing Plan; James D. Kunzman, M.D., Defined Benefit Plan, Defendants.

Adv. No. C86–0421–LM11.
Bankruptcy No. 84–02225–LM11.

United States Bankruptcy Court, S.D. California.

March 1, 1990.

Russell M. De Phillips, Milberg & De Phillips, San Diego, Cal., for plaintiff.

Radmila A. Fulton, Law Offices of Radmila A. Fulton, San Diego, Cal., for defendants.

JOHN J. HARGROVE, Bankruptcy Judge.

Defendants James D. Kunzman, M.D., James D. Kunzman, M.D., Inc., Pension and Profit Sharing Plan and James D. Kunzman, M.D., Defined Benefit Plan ("Kunzman") move the court for summary adjudication on their second affirmative defense on the grounds that the applicable statute of limitations has run.

At issue is whether a debtor-in-possession must maintain a fraudulent transfer action within three years from the date of the transfer,[1] or whether the statute of limitations runs until the earlier of two years after the appointment of a trustee or the closing or dismissal of the underlying bankruptcy case.[2]

This court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and § 157(b)(1) and General Order No. 312–D of the United States District Court, Southern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H).

## FACTS

In February, 1982, defendants allegedly began investing monies with plaintiff/debtor Mahoney, Trocki & Associates, Inc. ("MTA") for accounts receivable factoring. A contract was executed for each investment, reciting receipt by plaintiff MTA of the amount of the investment and the anticipated return on the investment. In December 1982, defendants ceased investing monies with MTA.

Between and including the time periods of March 8, 1982 and January 31, 1983,

defendants received interest payments on invested funds and returns of principal invested in an undetermined amount. On January 31, 1983 defendant James D. Kunzman, M.D. received from MTA the final return of capital for any of the defendant entities. After January 31, 1983, no additional investments were made by defendants with MTA, and no additional transfers of property were made from MTA to defendants.

On May 23, 1984, MTA filed its voluntary petition under Chapter 11 of title 11 of the United States Code. No trustee has been appointed. A competing Plan of Reorganization filed by Richard Donovan dba Financial Dynamics was confirmed by entry of an order entered May 28, 1985. According to the terms of the confirmed plan, unsecured creditors of the bankruptcy estate are to be paid one hundred percent of their allowed claims.

On May 23, 1986, two years from the date of the filing of the Chapter 11 petition, MTA filed its complaint to avoid fraudulent conveyances and obligations under 11 U.S.C. § 544 and California Civil Code § 3439 et seq.; and to recover transfers avoided pursuant to 11 U.S.C. § 550.

In their answer filed October 7, 1988, defendants alleged as a second affirmative defense that each claim for relief was barred by the applicable statute of limitations.

## DISCUSSION

Defendants contend that the last day to file a fraudulent transfer action was January 31, 1986, three years from the date of the last transfer to defendants on January 31, 1983. This contention is based upon California Code of Civil Procedure section 338(4) when read in conjunction with California Code of Civil Procedure section 335. Defendants also argue that the statute of limitations set forth in 11 U.S.C. § 546(a) is inapplicable, and that 11 U.S.C. § 108(a), the general tolling statute, does not extend

---

1. Based upon California Code of Civil Procedure section 338(4) when read in conjunction with CCP section 335.

2. 11 ·U.S.C. § 546(a).

the three year statute of limitation contained in CCP § 338(4).

MTA argues that by utilizing 11 U.S.C. § 544(b), it can reach back three years from the date of the filing of the bankruptcy petition to avoid fraudulent conveyances under the California Uniform Fraudulent Conveyance Act, so long as it has complied with the filing deadlines set forth in 11 U.S.C. § 546(a). MTA contends that the time limit within which the debtor-in-possession may bring an avoidance action under 11 U.S.C. § 544 has not yet expired by virtue of the fact that there has been no trustee appointed herein and the bankruptcy case has been neither closed nor dismissed.

(a) *11 U.S.C. § 546(a).*

Section 546(a) applies to those suits brought in reliance on the trustee's avoiding powers. Prior to the enactment of this section, there was no separate statute of limitations pertaining to the trustee's avoiding powers. 4 *Collier on Bankruptcy,* para. 546.02[1] at 546–7 (15th ed. 1989)

11 U.S.C. § 546(a) provides:

(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or

(2) the time the case is closed or dismissed.

Under 11 U.S.C. § 1107(a), a Chapter 11 debtor-in-possession is generally accorded *de jure* trustee status and is vested with the authority to avoid transfers of property under 11 U.S.C. § 544(b). *Matter of Sinder,* 102 B.R. 978, 982 (Bankr.S.D.Ohio 1989).

MTA, as debtor-in-possession, brought its action under 11 U.S.C. § 544(b).[3] This section:

gives the Trustee the status of a hypothetical lien creditor in attacking a transfer under a State fraudulent conveyance statute [footnote omitted] but, while it is the federal law which provides the trustee with his "strongarm" power, his exercise of such power and its extent are governed entirely by the applicable state law. [Cites omitted] Specifically such section confers on the trustee no "greater rights than those accorded by the applicable (state) law to a creditor holding a lien by legal or equitable proceedings." [Cites omitted]

*Havee v. Belk,* 775 F.2d 1209, 1218–1219 (4th Cir.1985).

■ Thus, if a trustee or debtor-in-possession is relying upon the rights of a creditor under state law, it can reach the transfer so long as the right of the creditor is not barred by the state statute of limitations.

A number of courts have held that "[s]ince the bankruptcy court is applying the forum state's substantive law of fraudulent conveyance in actions brought under § 544(b), the bankruptcy court is required to apply the forum state's statute of limitations governing fraudulent conveyances." *In re Josefik,* 72 B.R. 393, 397, n. 4 (Bankr. N.D.Ill.1987). *See In re Robbins,* 91 B.R. 879, 883 (Bankr.W.D.Mo.1988).

■ Here, as the California law on fraudulent conveyances is being utilized, California statute of limitations must be applied as well. However, since the state law does not contemplate the possibility of a Chapter 11 reorganization, the question which arises is, whether the application of the California statute of limitations may be tolled by application of § 546(a) to actions brought under § 544? This court concludes that § 546(a) governs actions brought under § 544.

As stated above, § 546(a) applies only to actions brought under sections 544, 545, 547, 548, and 553. Section 546(a) does not distinguish between § 544(a) and § 544(b).

---

**3.** 11 U.S.C. § 544(b) provides that:
 The trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable

under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

These avoiding powers, while utilizing state substantive law, are created by the Bankruptcy Code. As defendants admit in their pleadings, this is not an action available to the debtor-in-possession or trustee outside a bankruptcy court. The fraudulent transfer action under § 544(b) is not an action to assert an independent state law created right on behalf of a trustee which was and is cognizable without the filing of a bankruptcy petition. This right, on behalf of a trustee or debtor-in-possession to recover a fraudulent transfer, is clearly the creation of the bankruptcy code.

In order to harmonize the two statutes of limitations, one Ninth Circuit opinion, in a footnote, suggests that so long as the applicable state statute of limitations had not run at the time of the filing of the petition, the trustee could maintain an action to set aside a fraudulent conveyance. *In re Mankin*, 823 F.2d 1296, 1299, n. 1 (9th Cir. 1987).[4] In *Mankin* however, the court was not faced with the issue at bar, as the trustee filed the § 544(b) action within two years after the filing of the petition, and within three years from the date of the transfer.

When read in conjunction with § 548(a), which allows a trustee to avoid a transfer made on or within one year before the date of the filing of the petition, it makes sense to read § 544(b) as extending the time in which the trustee can reach back from the date of the filing of the petition to avoid a transfer. Both § 548 and § 544 are expressly mentioned by § 546(a), and there is no rationale for treating them any differ-

ently for purposes of when the action must be maintained. Such a reading ensures that the state statute of limitations does not impermissibly interfere with the federal purpose underlying the avoiding powers of a trustee or debtor-in-possession.

■ This court concurs with MTA's argument that:

analysis of the state limitations period on fraudulent conveyance claims is relevant to determine whether such an action could have been brought immediately prior to the filing of the bankruptcy petition herein. However, that is where the operation of state law ends. If the state fraudulent conveyance action could have been brought immediately prior to the bankruptcy petition then 11 U.S.C. § 546(a) provides a specific time within which that action can be brought pursuant to 11 U.S.C. § 544. Section 546(a) is clear in this regard.

Amended Memorandum of Points and Authorities in Opposition to Defendants' Motion for Summary Judgment p. 4:20–28.

■ It is clear that § 546(a)(1) is inapplicable to a debtor-in-possession. "The better view is that section 1107(a), which gives the debtor powers of a trustee and subjects the debtor in possession to the limitations placed on a trustee, does not equate service of the debtor in possession with the appointment of a trustee for the purposes of section 546(a)."[5] 4 *Collier on Bankruptcy*, para. 546.02[2] at 546–10 (15th ed. 1989)

4. Footnote 1 reads:
> The trustee chose to seek relief under § 544(b) instead of § 548 probably because of the differing limitation periods governing § 548 and § 544(b). While § 548 governs only *conveyances made within one year of the* filing of a bankruptcy petition, actions to set aside fraudulent conveyances brought pursuant to California law under § 544(b) are subject only to the three year limitations period of California Code of Civil Procedure § 338(4). The conveyance challenged by the trustee was made on October 11, 1982 while the debtor did not file her bankruptcy petition until October 18, 1983. Thus, because the conveyance at issue here was made more than one but less than three years *prior to the filing of the Chapter 7 bankruptcy petition* by the

> debtor, the trustee could, and did, seek relief under California law pursuant to § 544(b) but could not seek relief under the federal fraudulent conveyance provision codified in § 548. [emphasis added]

5. 11 U.S.C. § 1107(a) provides:
> Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.

■ The issue which remains then, is whether § 546(a)(2) is available to a debtor-in-possession to allow the commencement of an action to avoid a fraudulent transfer more than three years after the alleged transfer took place, but before the bankruptcy case is closed or dismissed.

An excellent analysis of the problem facing this court is presented in *In re Korvettes, Inc.*, 67 B.R. 730 (S.D.N.Y.1986), where the district court reviewed the application of § 546(a) to a claim to set aside and recover a preferential transfer under 11 U.S.C. § 547(b). The bankruptcy court had dismissed the complaint, holding the claim time-barred. *In re Korvettes, Inc.*, 42 B.R. 217 (Bankr.S.D.N.Y.1984). After determining that § 546(a)(1) was inapplicable to a debtor-in-possession, and expressing concern over the open ended nature of § 546(a)(2), the bankruptcy court balanced the equities and formulated a "rule of reason" which balanced "the need for repose among creditors against the goal of providing an appropriate time period for the bringing of preference actions". *Id.* at 223.

In rejecting the application of § 546(a)(2) to a preference action, the bankruptcy court eloquently expressed the concerns of this court in designating an early statute of limitations for a debtor-in-possession in a Chapter 11 proceeding, which has the potential of impeding progress toward the formulation of a plan of reorganization. At the same time the bankruptcy court recognized the confusion which may arise in allowing an open-ended time frame in which to bring an action:

> There must be some finality to the debtor in possession's ability to bring preference actions in order to afford creditors the repose that Congress must have intended in enacting Code Section 546(a).

*Id.* at 221.

However, in reversing the bankruptcy court, the district court in *Korvettes* concluded that disagreement with a statute's effect does not render its words ambiguous. *In re Korvettes, Inc.*, 67 B.R. 730, 734 (S.D.N.Y.1986).

The wording of § 546(a) is perfectly clear. It applies to those actions brought under § 544. "If the plain meaning of subsection 546(a)(2) has led to unworkable results, the problem must be remedied by Congress, not the courts." *Id.* at 734.

The plain language of subsection 546(a)(2) applies to those actions brought pursuant to § 544(b). The California statute of limitations can be given effect by reaching back three years from the date of the filing of the petition to determine whether the alleged transfer had taken place within that time frame. This ensures that at the time of the filing of the petition the trustee will have no greater rights than those accorded by the state law to a creditor holding a potential claim for a fraudulent transfer. "[I]f the creditor is deemed estopped to recover upon his claim, or is barred from recovery because of the running of a statute of limitations *prior to the commencement of the case*, the trustee is likewise rendered impotent." 4 *Collier on Bankruptcy*, para. 544.03[2] at 544–21 (15th ed.1989).

Defendants rely on *In re Radcliffe's Warehouse Sales, Inc.*, 31 B.R. 827 (Bankr. W.D.Wash.1983) for the proposition that at "the time this complaint was filed, no unsecured creditor of the bankruptcy estate could have maintained a cause of action under California fraudulent conveyance statutes since the three year period prescribed by CCP Section 338(4) had expired." Memorandum of Points and Authorities in Support of Motion for Summary Judgment, p. 10:9–13.

The court in *Radcliffe* discussed the nature of the trustee's rights under § 544(b), and how the trustee has no greater rights than those of the creditors aggrieved under a state statute.

This court disagrees with *Radcliffe* to the extent that it holds a trustee, or debtor, as in this case, would be unable, at any time, to maintain an action under § 544(b), if the applicable state statute of limitations has run during the pendency of the underlying bankruptcy case. As noted in *Collier*, the *Radcliffe* court did not discuss the statute of limitations in § 546. 2 *Collier*

*on Bankruptcy,* para. 108.02 at 108–4, n. 3 (15th ed. 1989) For purposes of fixing the trustee's rights to maintain a fraudulent transfer action, the court must look to the date of the filing of the bankruptcy petition to determine whether a creditor would have been able to independently file an action. So long as the statute of limitations has not run at the filing of the petition, the trustee may then utilize the provisions of § 546(a).

MTA filed its voluntary petition on May 23, 1984. MTA was entitled to maintain its action to avoid any alleged fraudulent transfer which occurred after May 23, 1981. The complaint therefore is not barred by the statute of limitations.

(b) *Tolling under 11 U.S.C. § 108(a).*

 MTA contends that this adversary proceeding was timely filed under both section 108 and section 546. However, defendants are correct in their assertion that § 108(a) would be inapplicable in the present action.

Section 108(a) provides:

(a) If applicable *nonbankruptcy law,* an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the *debtor* may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) two years after the order for relief. [emphasis added]

It is well settled in the Ninth Circuit that "§ 108(a) refers to pre-filing causes of action belonging to the debtor and not to a cause of action created by the Bankruptcy Code." *In re Downtown Investment Club III,* 89 B.R. 59, 65 (9th Cir. BAP 1988). As discussed above, a fraudulent transfer action maintained by a debtor-in-possession under 11 U.S.C. section 544(b) is clearly the creation of the Bankruptcy Code.[6]

## CONCLUSION

MTA's complaint to avoid an alleged fraudulent transfer was timely filed pursuant to § 546(a)(2), and therefore defendants' motion for summary judgment must be denied.

This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. Counsel for MTA is directed to file with this court an Order in conformance with this Memorandum Decision within ten (10) days from the date of entry hereof.

---

**6.** 11 U.S.C. § 108(a) applies to pre-petition common law tort and contract claims created and defined by state law, and to other pre-petition actions where applicable *nonbankruptcy* law prescribes a statute of limitations. In the following cases, courts have held that, under the circumstances presented, an extension of time was warranted under § 108(a): *In re Tesmetges,* 47 B.R. 385 (E.D.N.Y.1984) (action to recover under an equitable lien on real property; *In re Ahead by a Length, Inc.,* 100 B.R. 157 (Bankr.S. D.N.Y.1989)) (RICO claims, and conversion action); *In re Curtina International, Inc.,* 23 B.R. 969 (Bankr.S.D.N.Y.1982) (Action under a state bulk sales act. *Contra, In re Radcliffe's Warehouse Sales, Inc.,* 31 B.R. 827 (Bankr.W.D.Wash. 1983) holding that a trustee's right to bring an action under the state bulk sales law is derived from the individual aggrieved creditors and not from the debtor.); *In re T.C.I., Ltd.,* 21 B.R. 876 (Bankr.N.D.Ill.1982) (Action to foreclose on a mechanic's lien.); *In re Technical Industries, Inc.,* 21 B.R. 863 (Bankr.M.D.Tenn.1982) (Action to recover monies withheld pursuant to construction contracts.). This is by no means an exhaustive list of the types of actions which are subject to § 108(a), but merely an illustration of the variety of the claims which may be affected.