JOHN A. WOLF, TRUSTEE IN BANKRUPTCY, APPELLANT AND CROSS-APPELLEE, V. DORIS DEGNER AND EDGAR DEGNER, WIFE AND HUSBAND, APPELLEES AND CROSS-APPELLANTS, AND EDGAR AND ALLEN SCHARDT, INC., A NEBRASKA CORPORATION, APPELLEE.

502 N.W.2d 440

Filed July 9, 1993.   No. S-91-075.

William J. Panec for appellant.

Rollin R. Bailey, of Bailey, Polsky, Cope, Wood & Knapp, for appellees Degner.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

SHANAHAN, J.

John A. Wolf, trustee in bankruptcy, brought an action to set aside two allegedly fraudulent conveyances from Doris Degner to her husband, Edgar Degner. The district court found that Doris' conveyance of her lots in Deshler, Nebraska, rendered her insolvent and was made with the intent of hindering, delaying, and defrauding her creditors. However, the court found that Doris' conveyance of her interest in farmland was not fraudulent as to her creditors.

## STANDARD OF REVIEW

An action to declare a conveyance fraudulent as to a creditor invokes equity jurisdiction of a court. In an appeal of an equitable action concerning a fraudulent conveyance, an

appellate court tries factual questions de novo on the record and reaches a conclusion independent of the findings of the trial court, provided, where credible evidence is in conflict on a material issue of fact, an appellate court considers and may give weight to the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. See *Gifford-Hill & Co. v. Stoller*, 221 Neb. 757, 380 N.W.2d 625 (1986).

## BACKGROUND

When Doris and Edgar Degner married each other on May 7, 1982, Doris had children from her previous marriage and owned a farm northwest of Deshler, two lots in Deshler, and various other assets. At the time of his marriage to Doris, Edgar owned a quarter section of land near Carleton, Nebraska.

In a deed dated May 18, 1982, Edgar conveyed his Carleton quarter section to "Edgar Degner and Doris Degner, husband and wife, as joint tenants with rights of survivorship and not as tenants in common" to ensure that the tract would belong to Doris after Edgar's death.

On March 25, 1985, Doris deeded the Deshler lots to Edgar in repayment of Edgar's business loans to Doris and her son. By a quitclaim deed on April 23, Doris reconveyed the Carleton quarter section to Edgar so that he could sell the land. The deeds for the Deshler lots and the quarter section were recorded in the county clerk's office on April 23.

When Doris signed both of the deeds, her assets included her farm which was appraised at approximately $158,000, a 1981 Pontiac automobile with undisclosed value, and various household goods of undetermined value. Doris' liabilities included a debt of $36,155 owed to Superior-Deshler Co. (Superior), indebtedness of $15,182 to Nebraska Security Bank (Bank), and a $138,000 mortgage on her real estate.

Doris filed for bankruptcy on June 3, 1987. At a July 22 meeting attended by her creditors, including Superior and the Bank, Doris disclosed that she had reconveyed the Carleton quarter section to Edgar. The bankruptcy court discharged Doris as a bankrupt on November 4. Subsequently, on December 8, 1988, Edgar contracted to sell the Carleton

quarter section. On January 18, 1989, the trustee executed a release, disclaiming any interest in the Carleton quarter section. The Bank and Superior then filed a motion to compel the trustee to bring an action to set aside Doris' conveyances to Edgar. The bankruptcy court granted the motion and authorized the trustee to commence an action based on Doris' alleged fraudulent conveyances, but required the Bank to pay all expenses incurred in the litigation if the action was unsuccessful.

## ACTION TO SET ASIDE DORIS' DEEDS

On May 24, 1989, the trustee filed the present action to set aside Doris' conveyances to Edgar. In their amended answers, Degners pleaded the statute of limitations contained in Neb. Rev. Stat. § 25-207 (Reissue 1989), that is, an action for relief on the ground of fraud must be brought within 4 years, but the cause of action shall not be deemed to have accrued until discovery of the fraud. Notwithstanding Degners' assertion of the statute of limitations under § 25-207, the district court concluded that Doris' conveyance of the Deshler lots was fraudulent and set aside that conveyance, but further concluded that Doris' conveyance of the Carleton quarter section was not fraudulent as to her creditors.

## ASSIGNMENTS OF ERROR

Wolf contends, inter alia, that the district court erred in determining that Doris' deed of the Carleton quarter section to Edgar was not made for the purpose of hindering, delaying, and defrauding Doris' creditors.

In their cross-appeal, Degners contend that the court erred in failing to find that the action was barred by the statute of limitations expressed in § 25-207.

## STATUTE OF LIMITATIONS

Because the conveyances in question were made more than 4 years before the trustee brought this action to set aside those conveyances, Degners contend that the 4-year statute of limitations in § 25-207 bars the trustee's action. As trustee, Wolf contends that the Bankruptcy Code, namely, 11 U.S.C. § 108(a) (1988), tolled the state statute of limitations. Section

108(a) provides:

> If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which *the debtor* may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of—
>
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
> (2) two years after the order for relief.

(Emphasis supplied.) Thus, § 108(a) extends the time for a trustee's filing an action on behalf of a debtor and allows the trustee to bring suit within 2 years after the order for relief, provided that the statute of limitations applicable to the action has not expired before the bankruptcy petition is filed. See 2 Collier on Bankruptcy ¶ 108.02 (15th ed. 1993). Wolf contends that because his petition to set aside Doris' conveyances was filed within 2 years after Doris filed her petition in bankruptcy and, thus, within the 2-year period established by § 108(a), the Nebraska 4-year statute of limitations under § 25-207 was tolled by federal law.

The following is a recapitulation of the relevant transactions and their dates:

| | |
|---|---|
| March 25, 1985 | Doris conveys the Deshler lots to Edgar |
| April 23, 1985 | Doris conveys her interest in the Carleton quarter section to Edgar |
| April 23, 1985 | Doris' deeds to Edgar are recorded in the county clerk's office |
| June 3, 1987 | Doris files her petition in bankruptcy |
| July 22, 1987 | Doris informs her creditors about the conveyances to Edgar |
| November 4, 1987 | Bankruptcy court issues its order discharging Doris from her debts |
| May 24, 1989 | Trustee files the petition to set aside Doris' conveyances to Edgar |

A trustee's power to set aside a transfer of property arises under § 544(b) of the Bankruptcy Code, which provides that

"[t]he trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title . . . ." 11 U.S.C. § 544(b) (1988). The applicable law in Degners' case is Neb. Rev. Stat. § 36-609 (Reissue 1988), the law in effect both when the conveyances were made and when Wolf filed his petition, which provides:

> (1) Where a conveyance or obligation is fraudulent as to a creditor, *such creditor*, when his or her claim has matured, may, as against any person except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase, or one who has derived title immediately or mediately from such a purchaser,
>
> (a) Have the conveyance set aside or obligation annulled to the extent necessary to satisfy his or her claim
> . . . .

(Emphasis supplied.) Thus, under the Uniform Fraudulent Conveyance Act, Neb. Rev. Stat. § 36-601 et seq. (Reissue 1988), only a creditor has standing to bring an action to set aside an allegedly fraudulent conveyance. Doris' petition in bankruptcy does not alter the situation or preclude applicability of Nebraska law in an action to set aside an allegedly fraudulent conveyance. As Collier points out in his treatise on bankruptcy, "[S]ection 544(b) does not create in the trustee any independent right or power of action with which to challenge an allegedly invalid transfer. Like Prometheus bound, the trustee is chained to the rights of creditors . . . ." 4 Collier on Bankruptcy, *supra*, ¶ 544.03 at 544-17. See, also, *In re Mahoney, Trocki & Associates, Inc.*, 111 B.R. 914 (Bankr. S.D. Cal. 1990) (§ 108(a) applies to prepetition common-law tort and contract claims created and defined by state law and to other prepetition actions where applicable nonbankruptcy law prescribes a statute of limitations). Thus, as we interpret § 108(a), the statute's objective is preservation of a debtor's claim which otherwise might become time-barred and, therefore, unenforceable after commencement of a bankruptcy proceeding. Therefore, we hold that although § 108(a) extends the time within which a trustee may commence an action on

behalf of a debtor in bankruptcy in conjunction with a pending bankruptcy proceeding, § 108(a) does not affect the statute of limitations applicable under state law pertaining to a trustee's action commenced on behalf of creditors to set aside an allegedly fraudulent conveyance.

At first glance, some recent federal decisions may appear at odds with our holding. For example, in *In re Numedco, Inc.*, No. 91-0223S, 1991 WL 204908 (Bankr. E.D. Pa. Oct. 7, 1991), involving fraudulent concealment by the defendants, the court held that § 108(a) tolled the state statute of limitations. However, in *In re Numedco, Inc.*, the court specifically noted: "As no less than the caption of this proceeding bears out, the Plaintiff is proceeding 'on behalf of' the Debtor. Therefore, it is apparent that the Plaintiff must stand in the shoes of the Debtor, subject to any defense of limitations which could be asserted against the Debtor." 1991 WL 204908 at 5. Similarly, in *Wood & Locker, Inc. v. Doran and Associates*, 708 F. Supp. 684 (W.D. Pa. 1989), the court held that the state statute of limitations period was extended by § 108(a) because the plaintiff, which had filed a petition for chapter 11 reorganization, was the debtor in possession and, thus, enjoyed all the rights granted to a trustee under § 108(a). Thus, unlike *In re Numedco, Inc.* and *Wood & Locker, Inc.*, which pertain to an action by or on behalf of a debtor in bankruptcy, in the present appeal, Wolf, as trustee, is proceeding on behalf of creditors against Doris as a debtor in bankruptcy and has not commenced an action for the bankrupt-debtor, as evidenced by the Bankruptcy Court's order authorizing Wolf to file his petition on behalf of Doris' creditors.

Because 11 U.S.C. § 108(a) did not toll the 4-year statute of limitations set forth in § 25-207, the statute of limitations prescribed by § 25-207 barred Wolf's action as a trustee to set aside Doris' deeds to Edgar. For that reason, the district court should have entered judgment, as a matter of law, for Degners. Consequently, we need not discuss Wolf's assignments of error or the additional assignments of error alleged in Degners' cross-appeal.

Therefore, we reverse the judgment of the district court and remand this cause to the district court with direction to enter

judgment dismissing Wolf's action which is barred as a matter of law under § 25-207.

REVERSED AND REMANDED WITH DIRECTION.